```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,
                                            MEMORANDUM & ORDER
              Plaintiff/Petitioner,         18-MC-02830 (KAM)

     - against -


MOSHE MARC COHEN,

              Defendant/Respondent.

----------------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge:**

On December 17, 2018, this Court entered judgment enforcing a final order by Plaintiff/Petitioner Securities and Exchange Commission ("SEC" or "the Commission") against *pro se* Defendant/Respondent Moshe Marc Cohen. (*See generally* ECF No. 11.) The Second Circuit had previously dismissed Mr. Cohen's appeal of the underlying final order on March 31, 2018 for lack of jurisdiction. Presently before the Court is Defendant's Fed R. Civ. P. 60(b) motion, filed on November 16, 2022, seeking to vacate the Court's enforcement judgment. For the reasons set forth below, the Court DENIES Defendant's motion, brought nearly four years after the date of judgment on December 17, 2018. (*See id.*)

## BACKGROUND

The Court recites the facts and procedural history as necessary to determine the instant motion. This motion, in

particular, arises in the context of a rather unorthodox procedural history.

On September 9, 2016, the Commission upheld an administrative law judge's ("ALJ") decision ordering Defendant to disgorge $766,958 plus prejudgment interest in the amount of $277,384, and to pay a civil penalty of $2,100,000. (ECF No. 1 ("Comm'n Appl.") at ¶ 10; see also ECF No. 1-2, Ex. 1 ("SEC's Final Order").) The SEC's Final Order also entered various forms of injunctive relief. (SEC's Final Order at 1.) The Second Circuit dismissed Defendant's appeal of the SEC's Final Order for lack of jurisdiction on March 31, 2018. (Comm'n Appl. at ¶ 12.)

On October 24, 2018, the Commission applied to this Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1) (together, "20(c)/21(e) proceeding"), to enforce Defendant's compliance with the SEC's Final Order. (Comm'n Appl. at 1.) The Application stated that "Respondent has failed, refused and neglected to comply with the Commission Order in that he has not paid any portion of the disgorgement and prejudgment interest and civil penalty imposed upon him." (Id. at ¶ 2.)

Accordingly, as requested by the SEC, on October 25, 2018 this Court Ordered Defendant to Show Cause as to why an order enforcing compliance with the SEC's Final Order should not be

2

entered. (ECF No. 3; 10/25/2018 Dkt. Entry.) The Court then entered judgment enforcing the SEC's Final Order on December 17, 2018, following Defendant's failure to either appear at the December 17, 2018 Show Cause hearing or provide the Court with prior notice of expected absence. (12/17/2018 Minute Entry; ECF No. 11.) The subsequent procedural history, as well as the circumstances giving rise to Defendant's Rule 60(b) motion, are addressed below.

## LEGAL STANDARD

Pursuant to Rule 60(b), a court may grant relief from a final judgment in six circumstances, three of which Defendant raises here: (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); (ECF No. 22 ("Def. Mot.") at 1.)

Regardless of which subsection a party invokes, Rule 60(b) requires courts to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (collecting cases). To strike this balance, Rule 60(b) motions "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *Id.* (cleaned up). Rule 60(b)

3

relief "is generally not favored." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Accordingly, Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (cleaned up); *see also Miles v. N.Y.C. Transit Auth.*, 802 F. App'x 658, 659 (2d Cir. 2020) (summary order). The burden of proof "is on the party seeking relief from judgment." *Int'l Bhd. of Teamsters*, 247 F.3d at 391. The decision whether to grant a Rule 60(b) motion is "committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quotations omitted). Furthermore, "[i]n no circumstances, though, may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." *Id*.

Finally, a court has an obligation to read a *pro se* party's supporting papers liberally and to interpret them to raise the strongest arguments they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). But although a pro se party's 60(b) motion should be construed liberally, the litigant is "not relieved of his or her obligation to demonstrate extraordinary circumstances." *S.E.C. v. Ahmed*, No 15-CV-13042 (ADB), 2021 WL 916266, at *2 (D. Mass. Mar. 10, 2021). A *pro se* litigant must still ultimately abide by the "substantive requirements of motion

4

practice." *Spurgeon v. Lee,* No. 11-CV-600 (KAM), 2019 WL 569115, at *2 (E.D.N.Y. Feb. 11, 2019) (cleaned up).

## DISCUSSION

### I. Scope of Defendant's Rule 60(b) Motion

As an initial matter, Defendant's Rule 60(b) motion — in addition to being untimely, as discussed below — contains a litany of arguments that, at their core, ultimately seek an opportunity, yet again, to relitigate the underlying Final Order issued by the Commission on September 9, 2016. (*See generally* Def. Mot.) Defendant cannot have multiple bites at the apple. This is especially true in light of the fact that, in March 2018, the Second Circuit's mandate dismissed Defendant's petition for review of the SEC's Final Order for lack of jurisdiction. (Comm'n Appl. at ¶ 12.) The substance of Defendant's instant motion makes clear that, in essence, Defendant would like this Court to facilitate another opportunity to litigate the underlying SEC proceeding, *in spite of* the Second Circuit's ruling. This Court cannot do so. Moreover, a 20(c)/21(e) proceeding, *see* 15 U.S.C. §§ 77t(c), 78u(e)(1), is not the appropriate forum to do so.[1] Both proceedings authorize the SEC to seek an order from the district court to

---

[1] The crux of Defendant's arguments — that several Supreme Court cases involving the SEC support his motion — are addressed *infra*, Section II.A.C. The Court also notes that such arguments would still be outside the scope of this 60(b) motion, which, again, is seeking to vacate the Court's December 17, 2018 enforcement order in the narrow 15 U.S.C. § 77t(c) or § 78u(e)(1) context.

5

enforce SEC orders. *Id.*; *see also S.E.C. v. Vindman*, No. 06-CV-14233 (LTS), 2007 WL 1074941, at *1 (S.D.N.Y. Apr. 5, 2007).

## II. Timeliness

### A. Legal Standard

To be procedurally proper, a Rule 60(b) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c). Whether brought under subsections (4), (5), or (6), Defendant's motion — brought *nearly four years* after the Court's December 17, 2018 Judgment enforcing the SEC's Final Order — all fail for the central reason that the motion is untimely. The Court now reviews the procedural history that gave rise to Defendant's motion.

### B. Circumstances of Defendant's Rule 60(b) Motion

On May 24, 2022, the SEC filed a letter informing the Court that Defendant had yet to pay anything towards the December 17, 2018 Judgment. (ECF No. 12 ("05/20/2022 Comm'n Letter") at 1.) The SEC stated that "the entire balance of the judgment, plus interest, remains outstanding." (*Id.*) The letter further stated that, pursuant to Fed. R. Civ. P. 69(a)(2), the Commission had "personally served Cohen with Requests for Production of Documents and a First Set of Interrogatory Requests," and that "Cohen failed to respond to the Commission's discovery requests," which had been due within 30 days of service, on or before March 10, 2022. (*Id.*)

Following the SEC's letter, Magistrate Judge Marcia M. Henry ordered the parties to appear for a telephone status

6

conference on August 11, 2022. (07/06/2022 Scheduling Order.) The parties then appeared for status conferences on August 11, 2022, September 13, 2022, and finally, October 19, 2022. At the October 19 conference, Defendant "stated his intention to appeal [Magistrate Judge Henry's] discovery ruling" ordering Defendant to respond to the SEC's discovery requests, as well as "stated his objections to the Court's 12/18/2018 Judgment." (10/19/2022 Minute Entry and Order.)

In light of Defendant's *pro se* status, Magistrate Judge Henry liberally construed Defendant's objections as orally raising a motion for relief from the December 17, 2018 judgment under Fed. R. Civ. P. 60. Magistrate Judge Henry also ordered the SEC to file a letter in response to Defendant's oral motions, which it did on November 2, 2022. (*Id.*; *see also* ECF No. 19 (11/02/2022 Comm'n Resp.).) As a "final courtesy," this Court subsequently granted Defendant's request for an extension to serve and file any objections to Magistrate Judge Henry's October 19, 2022 Order. (11/03/2022 Order.) Defendant then filed his Rule 60(b) motion on November 16, 2022, the SEC filed its opposition on November 30, 2022 (which incorporated the contents of the SEC's November 2, 2022 letter response), and Defendant filed his reply on December 7, 2022.

7

**C. Analysis**

Defendant Cohen filed his motion for relief on November 16, 2022, almost four years after this Court's December 17, 2018 judgment enforcing the SEC's Final Order. The Second Circuit has found delays of Rule 60(b) motions "as short as 18 months unreasonable and thus untimely." *Spurgeon*, 2019 WL 569115, at *2; *see, e.g., Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (finding 26-month delay in filing Rule 60(b) motion after entry of final judgment "patently unreasonable"); *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (finding district court did not abuse its discretion in denying relief under Rule 60(b) where delay was over one year and thus litigant "plainly did not seek relief from the judgment within a reasonable time"); *Newcard, Inc. v. Van Dijke*, 137 F. App'x 384, 386-87 (2d Cir. 2005) (finding that the district court did not abuse its discretion in denying relief under Rule 60(b) where the delay was 27 months). Defendant's delay of almost four years thus significantly exceeds the length of time that the Second Circuit has previously found to be unreasonable, not to mention countless other courts in this Circuit. On that basis alone, Defendant's motion is "subject to denial." *Spurgeon*, 2019 WL 569115, at *2; *see also Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) ("extraordinary circumstances . . . typically do not exist where the applicant fails to move for relief promptly") (quotations omitted).

8

Moreover, the central grounds for Defendant's motion are three Supreme Court cases and a Fifth Circuit case, which Defendant argues support his motion to vacate.  (Def. Mot. at 3-8, 10-12 (citing *Kokesh v. S.E.C.*, 581 U.S. 455 (2017), *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), *Liu v. S.E.C.,* 140 S. Ct. 1936 (2020), *Jarkesy v. S.E.C.*, 34 F.4th 446 (5th Cir. 2022).)[2]  Even if the Court did not deny the instant motion for untimeliness, Defendant would confront the same obstacles here — a 20(c) or 21(e) proceeding before a district court is not the appropriate forum to attempt to substantively litigate the validity of an SEC order, and certainly not when a party has raised those arguments for the first time in a Rule 60(b) motion, as is the case here.  *See S.E.C. v. Gerasimowicz*, 9 F. Supp. 3d 378, 381 (S.D.N.Y. 2014) ("[L]itigants are precluded from challenging the validity of SEC orders in enforcement proceedings initiated pursuant to Section 20(c) of the Securities Act and Section 21(e)(1) of the Exchange Act."); *see also S.E.C. v. McCarthy,* 322 F.3d 650, 658 (9th Cir. 2003) ("By the time a § 21(e) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; **all that is left to do is enforce the order**.  Appellants should not be permitted to exploit this

---

[2] In any event, Fifth Circuit opinions are not binding on this Court.

statutory provision to delay and prolong the enforcement of a duly issued order of the Commission.") (emphasis added).

Defendant argues that he should not be "restricted in bringing [his] case forward to Vacate the Judgment" because the Supreme Court decisions were "[r]uled after the fact." (*See* Def. Mot. at 14; *see also* ECF No. 24 ("Def. Reply") at 3.) Though it is unclear what "after the fact" precisely Defendant refers to, the Court construes the reference to be the Second Circuit's March 31, 2018 dismissal of Defendant's appeal of the SEC's Final Order. Even if this Court were to liberally construe Defendant's arguments regarding recent Supreme Court opinions as a procedural argument about the timeliness of Defendant's Rule 60(b) motion, the Court separately and respectfully rejects that argument.

The facts of *S.E.C. v. Bronson*, a recent case in the Southern District of New York, are instructive here. 602 F. Supp. 3d 599 (S.D.N.Y. 2022)*, aff'd sub nom. United States Sec. & Exch. Comm'n v. Bronson,* No. 22-1045-CV, 2022 WL 5237474 (2d Cir. Oct. 6, 2022). In *Bronson*, the defendant filed his 60(b) motion more than four years after the district court issued its Amended Final Judgment against him. Bronson argued that his motions were timely, given the "rapidly changing legal landscape in the wake of the Supreme Court's decisions" in *Kokesh* and *Liu*. *Id*. at 611 (quotations omitted). The *Bronson* court found that there were "substantial delays between the dates that these decisions were

10

handed down and the dates that Bronson filed each of his Motions," and that other courts have denied 60(b) motions as untimely in similar scenarios. *Id.*; *see, e.g., LaFontaine v. Comm'r of Corr. Servs.*, No. 96-CV-9308, 2005 WL 1161934, at *2 (S.D.N.Y. May 17, 2005) ("The argument raised by the petitioner, based on the Second Circuit decision in *Galarza [v. Keane* 252 F.3d 630 (2d Cir. 2001)], could not have been raised until that decision was handed down. But *Galarza* was decided over three years prior to the filing of the Rule 60(b)(6) motion. **Even allowing time for the *Galarza* decision to have become available and for the preparation of papers**, the present motion cannot be said to have been filed within a reasonable time.") (emphasis added and cleaned up), *aff'd*, 184 F. App'x 96 (2d Cir. 2006) (summary order).

Other courts have found even shorter delays between a purportedly applicable Supreme Court decision and the filing of a 60(b) motion to be grounds for denial. *See, e.g., S.E.C. v. Penn*, No. 14-CV-581 (VEC), 2021 WL 1226978, at *6 (S.D.N.Y. Mar. 31, 2021) (denying Rule 60(b) motion on the grounds that it was filed more than two years after the district court's 2018 judgment against defendant, and "more than **two months** after the Supreme Court's decision in *Liu*, the purported basis of his motion")(emphasis added), *aff'd sub nom. United States Sec. & Exch. Comm'n v. Penn,* No. 21-1348-CV, 2022 WL 2517218 (2d Cir. July 7, 2022). Here, Defendant Cohen's motion was filed on November 16,

11

2022, while *Kokesh*, *Lucia*, and *Liu* were decided, respectively, in 2017, 2018, and 2020. Mr. Cohen's delay substantially exceeds the two-month delay the *Penn* court found untimely.[3]

Defendant asserts that in late 2018 through early January 2019, he was experiencing medical issues that "impeded [his] capabilities to respond." (Def. Mot. at 2-3, 21.) Defendant asserts that he was "only . . . made aware of what transpired and the severity" of the December 17, 2018 Judgment in July 2022 (*id.* at 3), when the SEC served the 07/06/2022 Scheduling Order issued by Magistrate Judge Henry directing parties to appear for a telephone status conference on August 11, 2022. Although the Court is not unsympathetic to Defendant's medical issues, they do "not reveal an 'extraordinary' situation" warranting 60(b) relief. *See, e.g., Broadway v. City of New York*, No. 96-CV-2798 (RPP), 2003 WL 21209635, at *4 (S.D.N.Y. May 21, 2003) (finding that a

---

[3] The Court notes that, even if this 20(c)/21(e) SEC enforcement proceeding was the appropriate forum to address Defendant's substantive arguments regarding changes in law and even if the Court had found the motion to be timely, it is well-settled that as a general matter, "a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016); *see also Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6).").

Moreover, "the interest in finality outweighs the losing party's concern that justice was not done." *Tapper*, 833 F.3d at 172 (internal quotations and citation omitted); *see also Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967) (describing the scope of Rule 60(b)(6) as "extremely meag[er]"). The Court also notes that other courts have found previously-ordered disgorgement orders and SEC judgments to be consistent with *Liu*, even if ordered prior to *Liu*. *See, e.g., S.E.C. v. NIR Grp., LLC*, No. 11-CV-4723 (JMA), 2022 WL 900660, at *3 (E.D.N.Y. Mar. 28, 2022) (collecting cases).

plaintiff "[d]emonstrating in his Affidavits that he is still *pro se* and that his cycle of ill health and incarceration has continued, without evidence of more" did not establish circumstances "sufficiently extraordinary to invoke relief").

Furthermore, the history of this case belies Defendant's assertion that he was not aware "of what transpired" until July 2022, let alone Defendant's assertion that somehow "no mention of this matter was brought up by this Court until July of 2022." (Def. Mot. at 3.) The docket reflects the following: (1) the Court warned in its properly-served October 25, 2018 Order to Show Cause that "if Respondent fails to file opposing papers and/or appear at the scheduled hearing, the Court may find Respondent in default and enter an appropriate order against such party at such time without further notice being given"; (2) the Court repeated again in its properly-served November 8, 2018 Order granting Defendant's request to adjourn the Show Cause Hearing by 30 days that "IT IS FURTHER ORDERED that if Respondent Cohen fails to file opposing papers and/or appear at the scheduled hearing, the Court may find Respondent in default and enter an appropriate order against such party at such time without further notice being given"; (3) the December 17, 2018 Judgment (as well as a corresponding appeals package) was mailed to Defendant on December 18, 2018 after Defendant — despite two explicit warnings by this Court — failed to appear at the Show Cause hearing, and more importantly, also

13

failed to provide any notice of Defendant's expected absence even though Defendant had previously contacted the Court twice to request adjournments. (*See* 12/17/2018 Minute Entry.)

Moreover, the origins of the Commission's October 24, 2018 application for enforcement were that "Respondent [] failed, refused and neglected to comply with the Commission Order in that he has not paid any portion of the disgorgement and prejudgment interest and civil penalty imposed upon him" by the Commission's Final Order. (Comm'n Appl. at ¶ 2.) The record reflects the following:

- On February 10, 2022, the SEC served Defendant with Plaintiff's First Set of Post-Judgment Requests for the Production of Documents to Moshe Marc Cohen in Aid of Execution on a Judgment, as well as with Plaintiff's First Set of Post-Judgment Interrogatory Requests to Defendant Moshe Marc Cohen in Aid of Execution on a Judgment;

- On March 29, 2022, the SEC sent Defendant an email stating that they had yet to receive a response regarding their post-judgment document requests and interrogatory requests, and requesting to confer with Defendant to have a "good faith" discussion about the issue;

14

- On May 4, 2022, the SEC sent Defendant another follow-up email regarding the SEC's post-judgment discovery requests, with another request to confer to resolve the issue;

- On May 12, 2022, the SEC sent Defendant an overnight letter requesting that he contact the SEC to confer.

(ECF No. 15 and exhibits.)

These documents, explicitly sought by the SEC in the post-judgment enforcement context, further belie the notion that somehow Defendant was only made aware of the Court's December 17, 2018 Judgment, or the context thereof, in July 2022.[4] Moreover, even assuming *arguendo* that Defendant's assertion was true, the assertion would not constitute "extraordinary circumstances" justifying Rule 60(b)(6) relief. *See Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 462 (2d Cir. 1994) (holding that "the fact that BAF did not learn of the entry of the default judgment for several years [does not] constitute 'extraordinary circumstances'" and that "[l]ack of notice of a judgment does not

---

[4] Magistrate Judge Henry ordered the SEC to re-serve its discovery demands on Defendant after Defendant contested Plaintiff's service of the discovery demands at the August 11, 2022 status conference. (08/11/2022 Minute Entry and Order.) This has no bearing on the Court's decision here. Setting aside the veracity of Defendant's contested service, it is well-established that mere denials of receipt are "insufficient to rebut the presumption that [the party] received the mailing." *See Manigault v. Macy's East, LLC*, 318 Fed. App'x 6, 7 (2d Cir. 2009); *see also, e.g., Couch v. AT&T Servs., Inc.*, No. 13-CV-2004 (DRH), 2014 WL 7424093, at *6 (E.D.N.Y. Dec. 31, 2014) (holding that denials of receipt of emails are insufficient to rebut the presumption of receipt).

15

*ipso facto* mean that a judgment can or should be reopened") (citation omitted).

Finally, the Court reiterates that the Commission's May 2022 letter to the Court seeking to compel Defendant to answer post-judgment discovery was filed only *after* Defendant failed to respond to the Commission's multiple attempts to obtain discovery and requests to confer, which followed Defendant's continued failure to pay any amount towards the December 17, 2018 Judgment. In turn, the Judgment was entered only *after* Defendant had not paid any amount towards the SEC's Final Order.

In sum, for the foregoing reasons, the Court in its "sound discretion" denies Defendant's Rule 60(b) motion to vacate the Court's December 17, 2018 Judgment enforcing the SEC's Final Order. At the very least, for the reasons described above, Defendant has not shown that his significant delay in bringing his Rule 60(b) motion is justified by "extraordinary circumstances" showing that he was "faultless in the delay." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (collecting cases); *see also Penn*, 2021 WL 1226978 at *5.

## **CONCLUSION**

Accordingly, the Court DENIES Defendant's Rule 60(b) motion and orders Defendant to comply with Magistrate Judge Henry's October 19, 2022 Order directing Defendant to respond to Plaintiff's discovery requests. The Court respectfully directs

16

Magistrate Judge Henry to schedule a telephone status conference with the parties to issue a new discovery deadline to Defendant. Plaintiff is directed to serve a copy of this Memorandum and Order on Defendant and to note service on the docket by noon on Wednesday, May 3, 2023.

**SO ORDERED.**

／s／ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:     May 2, 2023
           Brooklyn, New York

17